ADMINISTRATOR OF TILLY GILBERT'S ESTATE, v. ADMINISTRATOR OF HANNAH B. HOWE'S ESTATE.

*Probate Court.    Appeal from Commissioners under § 27, Ch. 53, of the Gen. Sts.*

It is only when an executor or administrator *declines* to appeal from the decision of commissioners, that creditors, devisees, legatees, or heirs, can appeal therefrom under § 27, ch. 53, of the Gen. Sts.

None except those belonging to some one of the classes enumerated in said section, have any right of appeal from such decision.

And the fact of interest of the appellant, must be found by the probate court, and appear on the face of the record sent up from that court.

But the judgment of that court allowing the appeal, is not conclusive upon the question of such interest and the consequent right of appeal; but such interest may be inquired into by the county court.

APPEAL from the decision of the commissioners on the estate of Hannah B. Howe. The plaintiff presented a claim against said estate on a probate bond signed by the intestate as surety for one John Howe, administrator *de bonis non* of the estate of Tilly Gilbert. The commissioners allowed the claim at $2,000, the full penalty of the bond, and their report was returned to the probate court for the district of Fairhaven, and approved and recorded. No other claim was presented against said estate. Carlos S. Sherman, and Rebecca A. Jackman, guardian of Charles Jackman, neither of whom was heir of the estate of the said Hannah, filed objections to the allowance of said claim, and were each allowed an appeal in the name of the administrator of said estate. The appeals were entered at the September term, 1870, of the county court, at which term the plaintiff moved to dismiss the same, for that it did not appear from the copies sent up from the probate court, that the said Sherman or the said Rebecca, guardian as aforesaid, were interested in said estate as creditors, devisees, legatees, or heirs; also, for that they were not so interested; also, for that it did not appear from said copies that the administrator of said estate declined to appeal from the decision of said commissioners; also, for that said administrator was never

requested to appeal from said decision, and never declined to appeal therefrom. Hearing upon the motion, WHEELER, J., presiding, and motion overruled, *pro forma;* to which the plaintiff excepted. At a subsequent term, the case was tried upon the merits; when it appeared that the said Hannah died intestate in March, 1868, and left no devisees, legatees, or heirs, except John Howe and Caroline H. Paige, wife of James C. Paige, and that the claim presented by the plaintiff, sole administrator of the estate of Tilly Gilbert, was the only claim presented against the said Hannah's estate. The court ordered said cases consolidated, and rendered judgment for the plaintiff for $2,000. Exceptions by the plaintiff.

*R. C. Abell*, for the plaintiff.

The application should state the way in which the appellant is interested, and such other facts as are necessary to bring the case within the rule laid down in the statute. It should state all that is required to make out the right of the appellant to appeal. The probate court should find as matter of fact, that the appellant was interested as required by law, before granting the appeal; and this interest should appear on the records of the court. The county court is to determine whether such facts appear from the copies as entitle the appellant to his appeal. *Arnold* v. *Waldo*, 36 Vt. 204; *Swan* v. *Wheeler*, 4 Day, 140; *Saunders* v. *Dennison*, 20 Conn. 524; *Potwin's Appeal*, 21 Conn.; *Deming's Appeal*, 34 Conn. 203. The appellants are not interested in the estate of Hannah B. Howe. They are neither creditors, devisees, legatees, or heirs, nor do they represent creditors, devisees, legatees, or heirs. There is nothing in the case (except the statement of appellants that they are interested), either in the probate court, the county court, or this court, showing that they, or either of them, ever had any interest in said estate, or that they were in any way interested in any one that was interested therein, even in the most remote degree. They are strangers to the estate, and have no right to appeal. *Woodward* v. *Spear*, 10 Vt. 420; *Hemmenway* v. *Corey*, 16 Vt. 225; *Swift* v. *Estate of Kennison*, 39 Vt. 473; *Downing* v. *Porter*, 9 Mass. 386.

*Prout, Simons & Walker,* for the defendant.

The petition for appeal contains the following clause : " Now I, Carlos S. Sherman, of said Castleton, considering myself aggrieved by said allowance of said claim, and being interested in said estate, and the administrator thereof declining to appeal from the report of said commissioners, do hereby pray to be allowed an appeal therefrom in the name of Nathaniel Fish, the administrator," &c. The other case is in similar form, and the appeals were duly allowed by the probate court. The interest of the appellants consisted in their ownership, by purchase from an heir of the intestate, of certain real and personal property which was liable to contribute to the payment of the claim in question. For the facts in full, see *Sherman* v. *Abell et als.* 46 Vt. 547. These appeals were brought in connection with that case, in order that the appellants should not be held to be concluded by the allowance of the claim by the commissioners.

The 3d and 4th grounds stated in the motion to dismiss, are disposed of by the case of *Hobart* v. *Herrick,* 28 Vt. 627. This case also disposes of the 1st and 2d grounds of the motion. If the record was an absolute blank upon the subject, as in *Hobart* v. *Herrick,* this court would infer that the appeal was allowed because the applicant satisfied the probate court that he was entitled thereto. But it does appear in the record that the appellant is " interested " in the estate. There was no necessity for stating the nature of the interest. *Barnard* v. *Barnard's Estate,* 16 Vt. 223. The provisions for filing objections are merely directory to the court of probate, and it belongs to that court to determine " whether they are stated in terms sufficiently positive and definite." Upon the existing facts, the appeal was properly allowed. *Arnold* v. *Waldo,* 36 Vt. 204. It is not essential that the appellant sustain precisely one of the four relations stated in the statute. An administrator of an heir has the same right of appeal which the heir would have had if living. Rights are not affected by change of title. They remain the same, and are entitled to be enforced by the same legal means by those who succeeded to and lawfully represented her in respect to those rights. That

language precisely describes the situation of these parties.  *Wiggin* v. *Smith,* 6 Met. 194 ; *Smith* v. *Bradstreet,* 16 Pick. 264.

The facts found at the trial, and stated in the second bill of exceptions, were not before the court at the time of the ruling first excepted to.  The motion must be decided upon the record alone.

These cases were not decided until after the decision of the chancery case.  Judgment was then rendered in conformity with that decision.  The cases were properly consolidated on the hearing, as the appeals were in regard to the allowance of the same claim, although each appellant was equally interested and equally aggrieved, and entitled to prosecute an appeal, unembarrassed by any possible proceeding of the other.  The penalty of the bond was the extreme limit of damages.

The opinion of the court was delivered by

POWERS, J.  The right to appeal from the judgment of commissioners on the estates of deceased persons, is given and regulated by chapter 53 of the Gen. Sts.  The appellants in this case seek to bring themselves within the provisions of § 27 of this chapter, which provides that when an executor or administrator shall decline to appeal from the decision of the commissioners, any person *interested in the estate as creditor, devisee, legatee, or heir,* may appeal from such decision *in the same manner* as the executor or administrator might have done, and *the same proceedings shall be had* in the name of the executor or administrator, &c.  It is to be observed that the right of appeal here given to creditors and heirs, is subordinated to the general right to appeal which is given to executors and administrators.  It is only when the executor or administrator declines to appeal, that the right attaches under this section.  The executor or administrator, as the representative of the estate, is necessarily charged with the duty of looking after the interests of creditors, heirs, and legatees, and would, ordinarily, take any appeal demanded by their interests ; but if he becomes negligent in this regard, this section has provided a remedy for those persons whose interests the executor or administrator should have regarded, and they, in his name, may carry on the

proceedings in the appellate court. The statute defines in express terms the nature of the interest which the appellant must have. It would not be seriously claimed that an entire stranger to the estate could take it into the county court, and prolong its settlement by simply *claiming* that he was interested in the settlement. He might be interested in it in a great variety of ways, without sustaining the relation to it named in the statute. We think that the statute must receive a literal construction, and that the appellant must, under § 27, belong to some one of the classes enumerated, in order to have any right whatever to appeal.

The motion to dismiss sets forth as matter of fact, that the appellants were not interested as creditors, heirs, devisees, or legatees. This motion is not traversed, but, as the case shows, was heard as it stands. We infer it was treated as demurred to. If such was the case, in the view which we take of the statute, it is obvious that the motion should have been sustained. But the parties have treated the case as hinging upon the question whether the interest of the appellant must appear on the face of the record sent up from the probate court, and we think that it should. As we have already seen, the right to appeal is limited to four classes of persons; and it is obvious that the probate court has no jurisdiction to entertain an application for an appeal under § 27, unless the applicant belongs to some one of these classes. That court must find the fact of interest, before they will grant the appeal. When the case comes to the county court, it is to be tried there precisely as it would be tried by the probate court. The same questions are open to inquiry as were before the probate court. Section 22 of the same chapter, provides that when an appeal is taken, the appellant shall procure and file in the county court a certified copy of the record of the allowance or disallowance appealed from, *of the application for the appeal,* and of the allowance of the same, &c.; and the next section provides, that upon filing such copy of record in the county court, that court shall proceed to the trial and determination of the same, according to the rules of law. It is evident that the legislature intended to give the appellate court jurisdiction over all the questions that the probate court might pass upon; and it would be senseless to file in the

county court a copy of the application for the appeal (in which the interest of the appellant would be set forth), unless the merits of such application were open to revision. It seems to us clear from the statute, that the judgment of the probate court allowing the appeal, is not conclusive upon the question of the interest of the appellant in the estate, and his consequent right of appeal, but that the county court may inquire into such interest, and that the record sent up from the probate court, must set forth the nature of the interest which the appellant has in the estate.

Judgment reversed, motion to dismiss sustained, and ordered to be certified to the probate court.