### Louis Ricci v. Phillip B. Billings, Executor, et als.

[128 A2d 754]

Special Term at Rutland, November, 1956.

Present: **Jeffords, C. J., Cleary, Adams and Hulburd, JJ., and Divoll, Supr. J.**

Opinion Filed January 2, 1957.

*Bloomer and Bloomer* for the plaintiff.

*Hanford G. Davis* and *Ryan, Smith & Carbine* for defendant Billings.

**Hulburd, J.** This is not the first time that this case has been here. We dare not hope that it will be the last. The particular aspect of the case before us at this time has to do with the executor's account. Philip B. Billings filed his account as executor of the Estate of Perry E. Bove in the Rutland Probate Court. It was challenged in various respects by appellant, Louis Ricci. The account, however, was allowed by the probate court and thereupon Ricci appealed from the order of allowance to the Rutland County Court. There the matter was referred to Francis D. Foley as a commissioner agreeably to V. S. 47, §1939. Hearing having been had, the commissioner duly reported the facts found from the evidence produced before him.

Following the filing of the commissioner's report in county court, Ricci filed certain objections and exceptions to the report. The county court having accepted the commissioner's report without hearing, Ricci appealed to this Court, and by that appeal (see 118 Vt. 463) it was established that Ricci was entitled to be heard in County Court on the Commissioner's report. Upon remand, hearing was had on the report, and it is to the action of the county court thereon that this case comes here on appeal by both parties, Ricci and the executor, Billings. As a result of the hearing on the commissioner's report, the county court made an order, under date of May 17, 1956, in which it "ordered and adjudged that the appellant Louis Ricci's Exceptions No. 11 and No. 12 to Finding No. 22 and Finding No. 23 respectively are sustained. The appellant Louis Ricci's Exception No. 25 to Finding No. 39 of the Commissioner's Report is sustained insofar as it relates to a credit to the executor for a business bill in the amount of $6,664.31. The appellant Louis Ricci's Exception No. 27 to Finding No. 42 insofar as it relates to the item of $6,664.31 paid by the executor is sustained.

"All other objections and exceptions of appellant Louis Ricci are overruled and the report of the Commissioner as amended is approved except as it relates to an allowance of a credit to the Commissioner (sic, "Executor" undoubtedly intended) for the sum of $6,664.31 of accounts payable of the distributorship on the date of the death of the deceased and paid subsequent thereto by the executor without first having presented such claims to the commissioners appointed by the Probate Court for the District of Rutland pursuant to the provisions of Chapter 135, Vermont Statutes, Revision of 1947."

The Court goes on in the order: "And whereas it has been made to appear to the Court from the Commissioner's report that the executor, Philip Billings, has submitted claims in his final account in payment of obligations from decedent, Perry E. Bove, to others which claims were not presented to the Commissioners.

"Now, therefore, it is further ORDERED that the report of the Commissioners as amended be re-committed for further

findings and further hearings, if necessary, to determine and make appear to this court the nature of the obligations for which the monies were expended and whether or not the failure to present or the payment of the claims in the amount of $6,664.31 by the executor, Philip Billings, was due to his ignorance and mistake, all pursuant to the provisions of Section 2915 of the Vermont Statutes, Revision of 1947."

To this order and adjudication of the county court, the docket entries show that both Ricci and Billings excepted. Appellant, Ricci, duly filed his detailed objections and exceptions in writing on May 31, 1956, and on the 14th day of June, 1956, duly filed his bill of exceptions. Billings, for his part, in connection with his appeal, duly filed his bill of exceptions on June 15, 1956. Although appellant Billings' bill of exceptions recites that he "seasonably objected and excepted to the Judgment Order of the Rutland County Court by written Objections and Exceptions duly filed with and allowed by said court," he has frankly admitted that no written objections and exceptions were filed as stated, and no specific exceptions to the judgment order make up a part of the printed case he has brought before us.

We give our attention first to appellant Ricci's exceptions. We are immediately confronted with the fact that although appellant Ricci duly filed his objections and exceptions—thirty-four in number—to the "commissioner's findings of fact and corrected findings of fact," he has not brought them before us as a part of his printed case. Instead he has included therein two and one-half pages of what he terms a renewal and restatement of his *oral* and written exceptions. This restatement contains no numerical references to the original written objections and exceptions which were thirteen pages long. The restatement makes its appearance in the files under date of May 31, 1956, fourteen days after the date of the judgment order. None of Ricci's original objections are to be found in his printed case; but a small number of them may be found in the printed case furnished us by Billings in his appeal which Ricci seems to assume are available to him, on his appeal. Since these objections are all objections which were sustained in Ricci's favor below, it is hard to see how they help him on his appeal now.

We need not take time to examine this unprecedented and irregular procedure, for the reason that we see trouble ahead so fundamental in nature as to make it entirely without point to dwell on this fault in the case presented by this appellant.

Appellant Ricci approaches the problems in his brief as follows:

"While many objections were raised and exceptions taken, it should be sufficient for a reversal of the case to refer to but two more in addition to what has been said in reply to Billings' brief and the subject matter thereof." Ricci goes on to list two items, which are apparently a further re-statement of some sort, as follows:

"[1] The re-statement of items in the Foley report, which items were excluded by the Probate Court and no appeal taken by Billings.

"[2] The writing into the findings by Foley of an entirely new Billings account on a different system than used by Billings."

As can be seen, the foregoing items "1" and "2" refer to no particular exceptions taken by Ricci nor are they briefed with reference to any stated exception of his. This is clearly inadequate briefing and presents nothing for this Court to pass upon. *Vt. Evaporator Co.* v. *Taft*, 108 Vt 209, 212, 184 A 704. The Supreme Court will not search the record to discover something to which the exception may apply. *Town of St. Johnsbury* v. *Town of Sutton*, 102 Vt 451, 453, 150 A 133. Much less will the Court search the record to discover an exception to which an argument may apply.

Added to all this is an underlying defect which renders any real consideration of the Ricci appeal impossible. When Ricci took his appeal from probate court to county court, he failed to have the probate court certify up as a part of the appeal (see V. S. 47, §3099) a copy of the account itself as to which he was objecting. Although the probate court's order of allowance of the executor's account is a part of the appeal, it does not come near to supplying the material facts necessary for consideration as it did in the case of *In Re Estate of Pringle*,

119 Vt 8, 117 A2d 379. The indispensible is totally lacking. This is best illustrated by the very argument that Ricci is now attempting to make. He claims that commissioner Foley has written a new account on an entirely different system. When we turn to superimpose one account on the other in order to see what the commissioner has done, we find that the executor's account was not made a part of the appeal, is not a part of appellant Ricci's case, and is not even in the file before us. No doubt the original account is in the probate file where it belongs, but no certified copy of it has ever been produced as a part of the record of proceedings in probate court from which appeal was taken. It was incumbent upon Ricci, in so far as he is an appealing party, to produce a record by which error is affirmatively shown, and he alone carries the risk of mistakes or omissions therein. He can not expect us to accept his bare assertions unsubstantiated by any record before us. *Norway* v. *Petit*, 112 Vt 453, 454, 28 A2d 380; *Abel's, Inc.* v. *Newton*, 116 Vt 272, 275, 74 A2d 481. So, in that part of the case in which Ricci is the appealing party, he has failed to produce a record that makes it appear that reversible error has been committed and has failed to brief adequately any exception upon which he is seeking reversal. No error has been made to appear by him with respect to his appeal aside from one other matter as to which the parties are in agreement. The county court ordered the commissioner's report to be recommitted for further finding, and further hearings, if necessary, pursuant to V. S. 47, §2915. Both appellant Ricci and appellant Billings are in agreement that this provision of the Statute has no application to the sort of situation existing in this case. We agree. Obviously the executor here is not a claimant against the Estate who through ignorance or mistake has failed to get his claim allowed by the commissioners. We have here strictly an accounting matter in which appellant Ricci questions whether *the funds of the Estate* have been properly paid out by the executor and therefore are allowable in his account. Accordingly the order of the court below for a recommittment "all pursuant to the provisions of Section 2915 of the Vermont Statutes, Revision of 1947" is erroneous, as both parties agree, and there must be a reversal on that account in any event.

■ We now turn to that part of the case before us, in which Billings is appellant. At the very outset this appeal is met by Ricci with the assertion that Billings' "failure to make objection and take exceptions should dispose of his present claim of error without further discussion." Ricci cites *Abel's, Inc.* v. *Newton*, 116 Vt 272, 74 A2d 481, and *Baker* v. *Koslowski*, 117 Vt 124, 129, 85 A2d 500. As we noted earlier in the opinion, the bill of exceptions, on which Billings brings his appeal before us, states that he seasonably objected and excepted to the judgment order of the county court. In fact no such objections and exceptions have been made a part of Billings' case and he frankly admits that the same has not been filed as stated. Thus the record fails to show what the exceptions were, and no legal question is presented for decision. *Trask* v. *Trask's Estate*, 99 Vt 353, 354, 132 A 136; to the same effect is V. S. 47, §1937.

Since we have already held that the order of the court below for a recommitment pursuant to V. S. 47, §2915 was erroneous and that there must be a reversal in this case, we think under the circumstances there should be a full new hearing on the commissioner's report by the county court. As it stands, the present order is quite evidently directed toward a statute which is not applicable. The order recites that it is "*all* pursuant to the provisions of Section 2915." A new hearing by the court below will give both parties an opportunity to put before us properly any question of law that they may have.

We hope that if it is necessary for this case to be brought to this court again it will be only after a basis has been provided by a hearing on the commissioner's report of the nature and scope contemplated by law. When this case was here before, as shown by 118 Vt 463, it was reversed and remanded because the appellant was deprived entirely of a hearing on the commissioner's report. On remand, things went to the opposite extreme; there was too much hearing; that is, the hearing apparently got beyond its proper scope. The hearing should be a hearing on the *commissioner's report* for the purpose of determining what sort of judgment order, if any, under the law, is justified by the report. The function of exceptions to the report is to assign reasons why the report should not be adopted and made the judgment of the court. The matter of the commissioner's

rulings as to the admission or rejection of evidence is not before the county court unless the provisions of V. S. 47, §1936 have been complied with. Obviously, since the county court has no transcript before it with which to test findings, it can not attempt to say, nor can we, whether certain findings are supported by the evidence.

We point these matters out in the hope that they will facilitate the disposition of a case which has already been too long in the courts.

The ultimate questions have become difficult largely because counsel have encumbered the record with a mass of material which has only served to obscure the issues.

*Judgment order on the commissioner's report by the county court reversed and cause remanded. Let a new hearing be had on the commissioner's report.*