## In re Estate of Melvina Collette

[167 A.2d 361]

November Term, 1960

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed January 3, 1961

*John B. Harrington* and *Eric A. Schuppin* for the appellant.

*McNamara & Larrow* and *Thomas M. Reeves* for the appellee.

**Smith, J.** This is an appeal from the Chittenden County Court from a verdict and judgment that the guardian accounts of Eugene Collette, Jr., as guardian of the Melvina Collette Estate, were just and true accounts. The case was heard on appeal from the Probate Court for the District of Chittenden in the county court and the verdict was directed by the trial court upon a motion for a verdict in his favor by the guardian, Eugene Collette, Jr. The appellant is a sister of the appellee, the guardian, and both are children of the ward, Melvina Collette.

The first question presented for our consideration and determination by the brief of the appellant is whether the lower court committed error in its direction of a verdict for the guardian. The determination of the question presented necessitates a brief summary of the procedure followed, and the evidence presented, in the lower court.

At a pre-trial conference, held just before the actual trial of the case below, all parties interested were represented by counsel. A transcript of the conference was made and is part of the record before us. Counsel for the present appellant stated to the trial court, "we are not going to question any items in the account outside of the hay account." The record of the pre-trial conference clearly indicates that all parties to the proceeding agreed that the question of whether the guardian properly accounted for all hay in his hands belonging to the ward was the only issue to be decided. As the presiding judge below said "Well, it seems to me that it is going to be, only, a question as far as this hay goes." The pre-trial court is considered a part of the trial procedure in any cause. The subsequent course of action is controlled by agreements or admissions made at the pre-trial conference. *In re Cartmell Estate,* 120 Vt. 234, 238, 138 A.2d 592.

The reading of the transcript of the trial below confirms that the parties followed this rule. The only witness who testified was the guardian, Eugene Collette, Jr., and he was questioned only as to the hay for which appellant says he did not account.

Prior to this appellee becoming guardian of his mother's estate this appointment had been held by Leon Latham of Burlington. The estate consisted of the home farm of the ward at Charlotte, Vt., and the personal property thereon. In the final account of Mr. Latham there appears this item, "Hay in main barn—difficult to determine amount without removing considerable of it from the barn—quality appeared to be poor and value had to estimate, probably worth between one thousand and two thousand dollars." The value was then set at $1,500.00. It is this hay, and that cut on the farm while the appellee was guardian, minus a quantity sold for $81.00, for which the appellant says the guardian has not accounted.

The appellee became guardian of his mother's estate on Feb. 16, 1953. No inventory was filed by the appellee of the guardian estate after he received his appointment, presumably because the value of the estate already appeared in the records of the probate court. See 14 V.S.A. §2792 (3).

On Nov. 3, 1953, the probate court granted the guardian a license to sell the real and personal estate of his ward to John Collette, his brother and another son of the ward. The consideration was that John would support and care for the mother and furnish her medical care during her lifetime. The appellant here also appealed to the Chittenden County Court from the order of license. The Chittenden County Court, after hearing, filed findings of fact. No. 5 of the findings of fact, filed Sept. 16, 1953, states, "The farm in question has not been 'farmed' for the past three years, is in a 'run down' condition, the buildings badly in need of repair and has a sales value of approximately $8,000.00. The personal property on the farm has little or no value." The county court issued its judgment order to the Probate Court for the District of Chittenden directing the issuance of a license of sale to the guardian of the real and personal property of his ward. No appeal was taken by the appellant from this judgment order. Under the license of sale then issued by the probate court the appellee deeded the farm and personal property on it, to John Collette on Nov. 3, 1953, conditioned on the support and medical care of Melvina Collette.

During his stewardship the guardian, Eugene Collette, Jr., filed two accountings. The first of these was filed on July 16, 1954. It shows that he received $81.00 for the sale of some hay, and also shows

expenditures made by him for the purpose of baling hay. This account shows the transfer of the farm and certain personal property by virtue of the license to sell from the probate court.

The second accounting was filed Jan. 26, 1959, shows no assets on hand and no disbursements since the account of July 16, 1954. Hearing was held on both accounts by the probate court. They were approved and the matter was then appealed to the Chittenden County Court.

It would seem to be the contention of the appellant that the guardian should make a separate accounting for both the hay stored in the barn at the conclusion of Mr. Latham's term as guardian, as well as to any hay cut on the ward's property during the period of the appellee's guardianship.

That the hay here in question is personal property is not disputed. No question is raised by the appellant that the guardian did not account properly for the $81.00, which appears by the record to be the only hay sold for cash during his guardianship, but she does question the guardian's accounting for the rest of the hay on the premises. While the value of the old hay in the barn, of poor quality and dubious amount was set forth in the final account of Mr. Latham, the first guardian, at $1,500.00, the Chittenden County Court, in its findings of fact, on Sept. 16, 1953, previously referred to, found the personal property on the farm to be of "little or no value." It must be presumed in absence of evidence to the contrary, and because no appeal was taken from the judgment based on the findings, that whatever hay was on the Collette farm was considered by the Chittenden County Court in its finding on the value of the personal property in the guardian estate.

But, of even more importance is that the Chittenden County Court, in the proceedings appealed from the Probate Court of the District of Chittenden, now the case before us, was sitting as a higher probate court, with the power to try identical matters involved in the subject of appeal, and not to revise errors of the probate court merely. *In re Estate of Dilligan,* 110 Vt. 294, 305, 6 A.2d 1. Judge Keyser, then presiding, went to the crux of the matter before us by questioning the guardian both as to his disposal of the hay in the barn, as well as that cut during the period of his guardianship. The answer to both

questions was that all hay remaining on the farm was sold by the guardian to John Collette, together with the farm, under the license to sell. The hay in dispute was thus accounted for by the transfer of the farm, including the hay, under the license to sell of the probate court, to John Collette.

The appellant has also briefed the contention that the license to sell issued by the Probate Court of the District of Chittenden was not in accordance with the directions issued by the Chittenden County Court in its judgment order of Oct. 6, 1953. The argument is that there was no directive by the Chittenden County Court to the probate court to sell the hay. A guardian is not required to obtain a license to sell from the probate court before selling personal estate of his ward unless the proceeds of such sale are to be invested in real estate. See 14 V.S.A. §2798 and 14 V.S.A. §2803. The guardian was not required to have a license to sell the personal property of his ward under the circumstances existing in this case.

As we have already demonstrated, the appeal before us is only to the allowance of the accounts of the guardian. This was further restricted by the agreements and acts of the parties below to an accounting for the hay only. There is no notice of appeal here from the granting of the license to sell, issued by the Probate Court of the District of Chittenden, under the county court order of Oct. 6, 1953. Nor does the record disclose that an appeal was taken on the matter to the Chittenden County Court. It therefore follows that the question is not before us, since it was not raised in the pleadings, and it does not appear that it was raised in the trial below. *Shappy* v. *McGarry,* 106 Vt. 466, 473, 174 A. 856.

*Judgment affirmed.*