## In re Estate of Perry E. Bove

[ 238 A.2d 789 ]

December Term, 1967

Present: **Holden, C.J., Shangraw, Barney and Keyser, JJ.**

Opinion Filed February 6, 1968

*Gerard F. Trudeau* for the appellants.

*Hanford G. Davis* and *V. J. Loveland pro se.*

*V. J. Loveland* for Angelo J. Spero.

**Per Curiam.** This unhappy litigation has been before the courts of Vermont for twenty-five years. See, for example, *Ricci* v. *Billings,* 119 Vt. 453, 128 A.2d 754. Unfortunately, this opinion cannot end it. The appellants are the mother and three sisters of the decedent, Perry E. Bove. The step-father was also a party, but has now deceased, and his estate is represented by two of the sisters as co-executrices. The appellees are the executor and his attorney, and the attorney of a former executor. This particular proceeding started in the probate court, and related to the distribution of assets remaining in the estate following allowance of the executor's final account. The appellees, their fees for extensive services over a long period remaining uncompensated, sought payment out of these remaining assets, which were insufficient to satisfy their claims as presented.

The probate court restricted the fees recoverable by the appellees, and distributed the excess assets to the appellants. On appeal *de novo* to the county court, preliminary to trial by jury on the merits, the court granted a motion excluding the appellants from the proceedings on the ground they had no legal interest in the appeal and were not proper parties. The question is now here.

The appellants are not strangers or interlopers. See *Gilbert's Estate* v. *Howe's Estate,* 47 Vt. 402, 406. They are all legatees under the Bove will. 12 V.S.A. sec. 2555 extends the right of appeal to any "person interested in an order, sentence, decree or denial of a probate court." There is nothing on the face of the record that suggests that they are disqualified as parties, or lack the requisite interest, as a matter of law. Moreover, they are in county court defending an actual award made to them by the probate court. Until those proceedings finally dispose of that judgment, it persists, expressing an interest in the appellants. Everything before us runs counter to the proposition that the proceedings in question are so ancillary as to require denial of participation by these parties as a matter of law.

By the terms of 12 V.S.A. sec. 2565 the appellants are entitled to have the factual issues of this litigation determined by a jury, if they wish. This right cannot be circumvented by raising and disposing of these very factual issues before the court, on a motion trying out the measure of the appellants' interest. When the court so undertook to adjudicate the extent of the interest of the heirs in the residuary fund, it improperly usurped the function of the jury.

The interest of the appellants, as described in *Peck's Admr.* v. *Peck's Admr.*, 91 Vt. 91, 96, 99 A. 635, is in the mode of distributing the estate. That is the very issue in this litigation. If they fail to prevail on the facts, they are not disqualified as parties, they are merely subject to an adverse verdict. If their proof fails totally and as a matter of law, a verdict may be directed against them, but they are not disqualified as parties. Even if the issue goes against them as a matter of law on account of undisputed facts, concessions or considerations of *res judicata,* they are not disqualified as parties, they are merely unsuccessful litigants. The motion was improvidently granted.

Since the record in this probate appeal fails to show any filing in county court of the questions for its decision, as required by 12 V.S.A. sec. 2384, we deem it appropriate to comment on the issues which we now remand. In the prior proceedings on the final account it was determined by the Rutland County Court, on appeal from probate by some of these same parties, that the executor's duties were faithfully performed with diligence, sound judgment and integrity. The order allowing the account was later affirmed here. This constituted a final adjudication of the issue of the executor's right to compensation. Necessary expenses of administration have, by the provisions of 14 V.S.A. sec. 1260, first priority against the assets of the estate. Only the reasonableness and correctness of the charges to be allowed the executor and counsel, and the computation of the resulting balance, if any, for distribution, are open for determination on the remand.

*Order denying participation to the appellants is reversed, and cause remanded.*

**Smith, J.,** took no part in this decision.