### In re Trust Estate of John J. Flynn (Patrick Robins, Katherine Pond, John J. Boylan, Jr. and Kathleen C. Boylan, Appellants)

[609 A.2d 984]

No. 91-129

Present: **Gibson, Dooley and Johnson, JJ., and Peck, J. (Ret.), Specially Assigned**

Opinion Filed April 3, 1992

*John J. Boylan*, Burlington, for Appellants Boylan.

*Gerald R. Tarrant*, Montpelier, for Appellants Robins and Pond.

*Clarke A. Gravel* and *Dennis R. Pearson* of *Gravel and Shea*, Burlington, for Appellee Fanny Allen Hospital.

*Spencer R. Knapp* of *Dinse, Erdmann & Clapp* and *John W. O'Donnell*, Burlington, for Appellee Medical Center Hospital.

*Paul D. Sheehey* of *Sheehey, Brue, Gray & Furlong*, Burlington, for Appellee Vermont Catholic Charities.

*Carl H. Lisman* of *Lisman & Lisman*, Burlington, for Appellee Chittenden Trust Company.

**Gibson, J.** Appellants, who lease summer cottage sites from the trust estate of John J. Flynn, seek review of the superior court's decision to vacate orders of the probate court, which had allowed appellants to intervene in a proceeding brought by the trustee of the estate to amend another trust estate lease, and which required the appointment of two new trustees to replace the existing trustee. Appellants argue that the superior court erred (1) by assuming jurisdiction of the appeal from the probate court, (2) by ruling that appellants did not have a sufficient legal interest to justify their intervention in the probate proceeding, and (3) even if it had jurisdiction, by failing to conduct a de novo hearing on all issues raised by the appeal. We reverse and remand the case to the superior court for a further hearing on the trustee's appeal from the probate court and for review of the appointment of new trustees.

## I.

In 1989, the Chittenden Trust Company, trustee of the Flynn estate, sought (1) a declaratory ruling that the grantor's will permitted the trustee to enter into perpetually renewing leases of certain estate lands, and (2) a license to amend an existing lease by extending its duration to perpetually renewing 92-year terms. The probate court allowed appellants to intervene pursuant to V.R.P.P. 24(b)(2), and then denied the trustee's motion for a license to amend the lease. Approximately eight months later, in response to appellants' motion, the probate court ordered the appointment of two new trustees and the removal of the Chittenden Trust Company as trustee upon the appointment of the new trustees. The Chittenden Trust Company and the beneficiaries of the estate sought de novo review of the probate court orders in superior court, which ruled that it had jurisdiction over the matter, and that the probate court had abused its discretion by allowing appellants to intervene. Rather than rule on other issues raised by the appeal, the superior court vacated the probate orders and remanded the case

for the probate court to reconsider the trustee's petition in light of the superior court's decision to deny party status to appellants. The summer camp tenants now seek review of that order.

## II.

Appellants argue that the superior court did not have jurisdiction to consider the issues raised by appellees because appellees were not "injured" by the probate court orders, and because the issues raised before the superior court were strictly legal issues over which the Vermont Supreme Court has exclusive jurisdiction. See 12 V.S.A. § 2551 ("supreme court shall have jurisdiction of questions of law arising in the course of the proceedings of the county and probate courts in probate matters"). But cf. *id.* § 2553 ("county court shall have appellate jurisdiction of matters originally within the jurisdiction of the probate court"); *id.* § 2555 ("person interested in an order, sentence, decree or denial of a probate court, who considers himself injured thereby, may appeal therefrom to the county court").

■■ The first component of this argument requires little discussion. Persons entitled to appeal an order of the probate court must have some legal interest that may be enlarged or diminished by the court's order. *Lyons v. Field*, 106 Vt. 474, 477, 175 A. 11, 12 (1934). There is no doubt that the trustee and the beneficiaries in this matter have legal interests that may be enlarged or diminished by orders removing the trustee and denying a petition brought by the trustee that arguably could increase the estate's assets. See *In re Estate of Bove*, 127 Vt. 25, 26, 238 A.2d 789, 790 (1968) (beneficiaries of testator's will were "persons interested" in probate court order restricting fees recoverable by executor and his attorney); *In re Bellows' Estate*, 60 Vt. 224, 227, 14 A. 697, 699 (1887) (executor of estate had right to appeal probate court order removing him); *State v. McKown*, 21 Vt. 503, 507 (1849) (guardian could appeal from order of probate court removing him as an unsuitable person to discharge the duties of the trust).

■■ As for the superior court's jurisdiction over probate matters, the parties concede that mixed questions of law and fact that arise out of probate proceedings may be brought before the superior court. We conclude that jurisdiction was prop-

erly before the superior court because resolution of some of the questions presented to the court requires an analysis of the factual record. A "'question of law is one capable of accurate resolution by an appellate court without the benefit of a factual record.'" *State v. Lafayette*, 148 Vt. 288, 290, 532 A.2d 560, 561 (1987) (quoting *In re Pyramid Co.*, 141 Vt. 294, 304, 449 A.2d 915, 920 (1982)); see *Hance v. Zant*, 696 F.2d 940, 947 (11th Cir. 1983) (mixed questions of law and fact concern the application of legal principles to the historical facts of that case).

Among other things, the superior court was asked to determine whether certain provisions of a proposed lease violated specific articles of the will, and whether the will required that two individual trustees administer the trust created by the will. In order to make these determinations, the court might have to look outside ambiguous will provisions to ascertain the intent of the testator, which necessarily would have been in dispute. The court was also asked to determine whether, in the absence of danger to the assets of the trust, removal of the trustee was warranted. Although appellants do not appear to challenge the probate court's conclusion concerning the status of the estate's assets, the superior court might have to consider whether the assets indeed were secure. Accordingly, we conclude that the superior court had jurisdiction to consider the questions presented on appeal from the probate court.[1]

## III.

■ Next, appellants argue that the superior court erred by ruling that the probate court had abused its discretion in allowing them to intervene in the case. At the outset, we note that while the superior court sits "as a higher probate court," with the power to try anew matters presented before the probate court, the superior court may also review claims of error committed by the probate court. See *In re Estate of Collette*, 122 Vt.

---

[1] We recognize that in recent years this Court has permitted a number of appeals directly from probate that involved mixed questions of law and fact. See, e.g., *In re Estate of Neil*, 152 Vt. 124, 565 A.2d 1309 (1989); *In re Fletcher*, 144 Vt. 419, 479 A.2d 134 (1984). Our decision today does not concern the scope of this Court's jurisdiction over probate matters; we merely refute appellants' argument that the appeal involves only "pure" questions of law and the superior court thus lacked jurisdiction to consider the matter.

231, 234, 167 A.2d 361, 363 (1961) (superior court does not sit "merely" to revise errors of the probate court); *Whitton v. Scott*, 120 Vt. 452, 458–59, 144 A.2d 706, 710 (1958) (superior court not "limited to" determining if the probate court erred).

Here, the superior court concluded that appellants' status as tenants of the estate did not create a sufficient legal interest to allow them to seek removal of the trustee or to challenge the trustee's application to amend a separate lease of the estate. We agree that the probate court abused its discretion in allowing appellants to intervene.

■ The probate court may allow a person to intervene if the person "has a legal interest, the protection of which involves a question of law or fact in common with the probate proceeding."[2] V.R.P.P. 24(b)(2). The instant probate proceeding initially concerned the trustee's desire to lease, in perpetuity, estate lands adjoining the property leased to appellants. According to appellants, they challenged the application, and later sought removal of the trustee, to protect their future rights to continue leasing from the estate and to prevent an anticipated adverse effect of future development on their existing rights. Appellants' leases expire in 1994 or 1995, and development of the adjoining estate property has not yet begun.

■ With respect to appellants' future rights to continue leasing from the estate, we fail to see how their speculation as to whether the trustee will renew their leases creates a viable

---

[2] We reject appellants' argument that they had a right of intervention pursuant to V.R.P.P. 24(a), which grants party status "(1) When a statute confers an unconditional right to intervene; or (2) The moving party is an interested party under Rule 17 but did not receive personal notice of the proceeding." Regarding the first criterion of Rule 24(a), 14 V.S.A. § 204(a) does not confer an unconditional right to intervene. It provides that, *"[w]henever used in this title,* 'interested person' includes . . . any others having a property right in . . . a trust estate . . . which may be affected by the proceeding." (Emphasis added.) Assuming, arguendo, that this language gives appellants a potential right of intervention, appellants do not point to any provision within Title 14 that governs the instant proceeding and includes the term "interested party." Further, § 204(a) provides that the meaning of the term "as it relates to particular persons may vary from time to time and shall be determined by the rules of probate procedure." None of the relevant definitions of "interested persons" found in V.R.P.P. 17 explicitly include persons in appellants' position. Thus, neither of the criteria provided in V.R.P.P. 24(a) is satisfied.

legal interest at this time in either who administers the estate or what type of lease governs adjoining estate lands. If it turns out that the trustee does not renew appellants' leases, appellants may decide to challenge the nonrenewal at that time. Moreover, we do not believe that the planned development, even if it does prove to have an impact on appellants' interests in their leaseholds, gives them the right to intervene in the trustee's petition, which concerns the estate's administration of property apart from that leased to appellants. If their leases are renewed and some future development adversely restricts their property rights, they may wish to challenge that development in another court having subject matter jurisdiction. Appellants have failed to show, however, that the trustee's petition to the probate court raises issues that affect their current leasehold interests. Accordingly, we shall not disturb the superior court's ruling denying them the right to intervene in this matter.

## IV.

Finally, appellants argue that the superior court erred by failing to hold a de novo hearing and rule on the trustee's application for a license to amend the lease. We agree that the superior court should have considered the application. While we understand that the superior court may have wanted the probate court to reconsider the application in the absence of appellants' participation, we believe that the superior court should, nevertheless, have considered the petition.

This situation differs from that in *In re Maple Tree Place*, 156 Vt. 494, 594 A.2d 404 (1991), where we allowed the superior court to remand a de novo appeal to the planning commission for presentation of additional evidence. In that case, our decision was based, in part, on the fact that the planning commission had not had a full opportunity to consider all the evidence, that the commission's interpretation of an ordinance might be determinative, and that it was "entirely possible" that upon receiving the new information the commission would reopen the proceeding and reverse its earlier decision. *Id.* at 499–501, 594 A.2d at 407–08. Here, on the other hand, the probate court had received, if anything, more information than would have been

presented without the participation of appellants, and its decision, although conceivably influenced by, did not expressly rely on, appellants' interests. In light of these facts and its de novo jurisdiction, the superior court should have held a hearing and made an independent decision on the trustee's petition.

Moreover, the superior court must address whether the current trustee should be replaced, because, although the issue was raised by appellants who were later excluded from the case, the probate court had independent authority to rule on the question, and indeed did rule that retaining the trustee would violate the trust. See 14 V.S.A. § 2314(a) ("when, for any cause, the interests of the trust estate require it, . . . the probate court may remove the trustee").

*The superior court's decision remanding the case to probate court for hearing is reversed; the case is remanded for a hearing on the merits before the superior court and for review of the decision requiring the appointment of new trustees. The ruling denying appellants the right to intervene in this matter is affirmed.*