### State of Vermont Department of Taxes v. Tri-State Industrial Laundries, Inc.

[415 A.2d 216]

No. 320-79

Present: Barney, C.J., Daley, Billings and Hill, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed April 10, 1980

M. *Jerome Diamond*, Attorney General, and *Paul P. Hanlon*, General Counsel, Department of Taxes, Montpelier, for Plaintiff.

*Bloomer and Bloomer*, Rutland, for Defendant.

**Daley, J.** This is an interlocutory appeal, certified to this Court by the Washington Superior Court under the provisions of V.R.A.P. 5(b). The underlying dispute involves a determination by the Commissioner of Taxes, supported by detailed findings and conclusions, of a withholding tax deficiency, following a contested case hearing pursuant to the Administrative Procedure Act (A.P.A.), chapter 25 of Title 3. See 32 V.S.A. § 5885(a). The taxpayer properly appealed to the superior court, 32 V.S.A. § 5885(b), by filing a timely notice of appeal with the Department of Taxes, V.R.C.P. 74(a). At the bottom of this notice of appeal, the taxpayer demanded trial by jury. V.R.C.P. 38. This demand was later renewed by motion, which the superior court granted. Recognizing the uncertainty of the question, however, the trial court granted

the Department's subsequent motion for interlocutory review, and certified the following questions to this Court:

1. Does an appeal, under 32 V.S.A. § 5885(b) and V.R.C.P. 74, entitle a party, as a matter of right, to a hearing or trial *de novo* on all issues in the superior court.

2. Does an appeal, under 32 V.S.A. § 5885(b) and V.R.C.P. 74, entitle a party, as a matter of right, to a trial by jury on any issues in the superior court.

3. If questions one and two are answered in the negative, may the superior court in an appeal under 32 V.S.A. § 5885(b) and V.R.C.P. 74, as a matter of discretion, grant a hearing or trial *de novo* in the superior court on any issues.

We answer all three questions in the negative, and therefore we vacate the trial court's order granting taxpayer a jury trial.

█ Courts presume that the actions of administrative agencies are correct, valid and reasonable, absent a clear and convincing showing to the contrary. *In re Young*, 134 Vt. 569, 570–71, 367 A.2d 665, 666 (1976) (per curiam); *International Association of Firefighters Local #2287* v. *City of Montpelier*, 133 Vt. 175, 178, 332 A.2d 795, 797 (1975); K. Davis, Administrative Law Text § 11.06 (3d ed. 1972). Therefore, judicial review of agency findings is ordinarily limited to whether, on the record developed before the agency, there is any reasonable basis for the finding. 4 K. Davis, Administrative Law Treatise §§ 29.01–.02 (1958). Courts must remember that "[a]dministrative agencies belong to a different branch of government," and that "[t]hey are separately created and exercise executive power in administering legislative authority selectively delegated to them by statute." *City of Hackensack* v. *Winner*, 82 N.J. 1, 410 A.2d 1146, 1159 (1980). Therefore, "in the absence of specific statutory authorization, a *de novo* review is generally not to be presumed." *Consolo* v. *Federal Maritime Commission*, 383 U.S. 607, 619 n.17 (1966); *United States* v. *Carlo Bianchi & Co.*, 373 U.S. 709, 715 (1963). According to the D.C. Circuit Court of Appeals:

This circumscription . . . stems from well ingrained characteristics of the administrative process. The admin-

istrative function is statutorily committed to the agency, not the judiciary. A reviewing court is not to supplant the agency on the administrative aspects of the litigation. Rather, the judicial function is fundamentally—and exclusively—an inquiry into the legality and reasonableness of the agency's action . . . . To permit an administrative determination "to be attacked or supported in court by new evidence," the Supreme Court has admonished, "would substitute the court [for] the administrative tribunal . . . ."

*Doraiswamy* v. *Secretary of Labor,* 555 F.2d 832, 839–40 (D.C. Cir. 1976) (quoting *Tagg Brothers* v. *United States,* 280 U.S. 420, 444 (1930)). Therefore, where the parties have had an adequate opportunity to develop the facts before the agency, the function of the courts is solely to review the contested case on the record established below, unless the legislature has specified de novo review of the administrative action in question. *Citizens to Preserve Overton Park, Inc.* v. *Volpe,* 401 U.S. 402, 415 (1971); *Consolo* v. *Federal Maritime Commission, supra; Doraiswamy* v. *Secretary of Labor, supra,* 555 F.2d at 839; cf. *In re Rhodes,* 131 Vt. 308, 309, 305 A.2d 591, 592 (1973) (legislative designation of agency as forum for developing factual record precludes de novo review in superior court).

In this case, the law provides for a hearing by the Commissioner in accordance with A.P.A. procedures. 32 V.S.A. § 5885(a). These procedures include, *inter alia,* notice of the hearing; opportunity for all parties to present evidence, cross-examine witnesses, and respond on all issues involved according to the rules of evidence normally applied in superior court; and maintenance of a full record of all pleadings, rulings, evidence, exhibits, matters officially noticed, offers of proof, and findings and decisions. See 3 V.S.A. §§ 809–812. The transcript in the record before us demonstrates that the taxpayer took full advantage of its opportunity to participate in the evidentiary hearing before the Commissioner. We find that the A.P.A. contested case procedures, properly complied with, provided the taxpayer with an adequate opportunity to develop the facts of its case. No good purpose would be served by allowing the taxpayer to try its case twice.

■ The taxpayer argues, however, that it could not receive a fair hearing because the tax department's attorney and many of its witnesses were associates of the hearing officer, and the hearing officer was the official who had in fact directed the initiation of proceedings against the taxpayer in the first place. Although due process imposes some limits on multiplicity of functions by individuals in the course of contested cases, it does not similarly limit multiplicity of functions by the agency *in toto*. The fact that one individual within the agency is a witness, another is a prosecutor, and a third is a judge, presents no more conflict than the fact that a state police officer can testify for a state's attorney before a state judge. K. Davis, Administrative Law Text, *supra*, § 13.01–.02. Furthermore, the fact that the hearing officer ordered the initiation of the prosecution is generally considered insufficient to require disqualification, because "agency heads probably can pass upon recommendations of investigators to prosecute a case without losing their judicial balance." K. Davis, Administrative Law Text, *supra*, § 13.04 at 260. We conclude, therefore, that the taxpayer had an adequate opportunity to present its case in a fair hearing.

■ The next question is whether the appeals statute, 32 V.S.A. § 5885(b), requires de novo review. The statute does not, on its face, specify de novo review; it merely provides that "[a] taxpayer may appeal a determination by the commissioner concerning a notice of deficiency, an assessment of penalty or interest, or a claim of refund, to the Washington [superior] court . . . ." As our statutes demonstrate, when the legislature wishes to grant de novo review, it knows how to make itself understood. See, e.g., 8 V.S.A. § 4662 (Banking and Insurance Commissioner's determination); 10 V.S.A. § 6089(a) (District Environmental Commission's determination); 19 V.S.A. § 231(b) (Highway Board's compensation order); 21 V.S.A. § 670 (workmen's compensation award); 24 V.S.A. § 4472 (zoning decision); 32 V.S.A. § 4467 (property appraisal decisions). In the absence of specific language, therefore, we will presume that no de novo appeal was intended. *Consolo* v. *Federal Maritime Commission, supra.*

Taxpayer, however, seeks to analogize § 5885(b) to 12 V.S.A. § 2553, which deals with appeals of probate matters to

the superior court. Although § 2553 does not specify de novo review, this Court has consistently construed it to allow for such review. *In re Estate of Collette,* 122 Vt. 231, 234, 167 A.2d 361, 363 (1961); *Whitton v. Scott,* 120 Vt. 452, 457–58, 144 A.2d 706, 709–10 (1958); *In re Estate of Delligan,* 110 Vt. 294, 305–06, 6 A.2d 1, 6 (1939). The reason given for this rule is that "[o]n appeal the [superior] court sits as a higher court of probate with co-extensive jurisdiction." *Roddy v. Estate of Fitzgerald,* 113 Vt. 472, 476, 35 A.2d 668, 670 (1944); accord, *In re Estate of Collette, supra; Whitton v. Scott, supra; In re Estate of Delligan, supra.* The probate appeal analogy is not persuasive here, however, because the relationship between two courts is entirely distinguishable from the relationship between a court and an administrative agency. The unique status of the agencies as arms of the executive in carrying out the policies of the legislature precludes any assumption that the courts are merely higher agencies. Therefore, the fact that the superior court can review probate court actions de novo does not indicate that the same rule applies to court review of the actions of an administrative agency.

 Taxpayer's next argument is that it is entitled to a de novo trial by jury under Chapter I, Article 12 of the Vermont Constitution, and V.R.C.P. 74(d). The state Constitution provides: "That when any issue in fact, proper for the cognizance of a jury is joined in a court of law, the parties have a right to trial by jury, which ought to be held sacred." Vt. Const., ch. I, art. 12. Taxpayer's argument is deficient in two respects. First, it is well established that this provision does not *extend* the right of trial by jury, but merely *secures* it to the extent that it existed at common law at the time of the adoption of the Constitution. *Dempsey v. Hollis,* 116 Vt. 316, 318, 75 A.2d 662, 663 (1950). Therefore, this provision does not apply to an appeal from a determination of the Commissioner of Taxes, because such an action was unknown at common law. Second, because the superior court is limited in this case to review on the record established before the agency, there is no "issue in fact . . . joined in a court of law," and therefore the jury trial provision is inapplicable by its own terms.

■ Our resolution of the constitutional claim disposes of the claim under V.R.C.P. 74(d). That rule states in part:

Any question *as to which there is a right to trial by jury* shall be tried to a jury if one is demanded in accordance with Rule 38. Otherwise, all questions *as to which by law review is available* shall be tried to the court. (Emphasis supplied.)

This wording makes explicit what is true of our court rules generally: they do not "abridge, enlarge or modify" substantive rights. 12 V.S.A. § 1. Therefore, "Rule 74(d) leaves the questions of jury trial and scope of review to specific statutory provisions or prior practice governing appeals from particular agencies." Reporter's Notes, V.R.C.P. 74. Since there is no right in substantive law to de novo review or trial by jury, Rule 74(d) cannot create such a right.

Our conclusion that this is a case for review on the record is supported by the fact that V.R.C.P. 74(c) provides that the record before the superior court shall consist of the exhibits introduced before the agency, a transcript, if any, and certified questions if required by law. This is a distinctly appellate record. Furthermore, 3 V.S.A. § 815(b), which deals with judicial review of contested cases, provides a specific procedure for remand to the agency for reception of additional evidence. This provision is in accord with a general legislative policy under the A.P.A. which favors the agencies as the proper forum for resolution of factual issues.

■ Finally, we are asked whether the superior court has discretion to grant a de novo hearing in this case, either under its general powers, or under the advisory jury provisions of V.R.C.P. 39(c). See generally, *Nugent v. Shambor*, 138 Vt. 194, 196, 413 A.2d 1210, 1211 (1980); *Brower v. Hill*, 133 Vt. 599, 602, 349 A.2d 901, 903–04 (1975). Section 5887(a) of Title 32, however, states that § 5885 is the exclusive appeal remedy for a case of this nature. Section 5885, as we have demonstrated above, does not allow for de novo review. Therefore, because these statutes mandate that review on the agency record is the exclusive remedy in this case, there is no room for the exercise of judicial discretion.

*Certified questions number one, two and three are answered in the negative. Order for jury trial de novo vacated.*