*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-330

APRIL TERM, 2012

| | |
|---|---|
| Lucas J. Ashley | } APPEALED FROM: |
| | } |
| | } Superior Court, Washington Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Vermont Agency of Transportation | } DOCKET NO. 90-2-11 Wncv |

Trial Judge: Geoffrey W. Crawford

In the above-entitled cause, the Clerk will enter:

Appellant Lucas J. Ashley appeals from a superior court order affirming an administrative hearing officer's decision to revoke appellant's driver's license for violation of a condition of reinstatement. Appellant contends: (1) the state failed to prove the violation of a condition of reinstatement; (2) the condition was void for vagueness; and (3) appellant was prejudiced by the absence of written rules and procedures at the administrative hearing. We affirm.

The record evidence may be summarized as follows. After multiple DUI convictions, appellant's operator's license was revoked for life, pursuant to 23 V.S.A. § 1208(b). In May 2006, appellant applied for reinstatement of his license pursuant to the provisions of 23 V.S.A. § 1209a(b). Following a hearing in December 2006, a hearing officer issued a written decision, finding by a preponderance of the evidence that appellant had satisfied the statutory requirements for reinstatement. The officer therefore granted appellant's application "subject to the condition that his revocation will be put back into effect in the event any further investigation reveals a return to the consumption of alcohol or drugs."

In October 2010, the Department of Motor Vehicles issued a notice of revocation based on information that appellant had violated the condition of reinstatement. Appellant requested an administrative hearing, which was held in December 2010. Two law enforcement officers testified at the hearing. The first, a state trooper, recalled an incident in June 2010, when he responded to a call from appellant about a fight with his girlfriend. In speaking with appellant, the officer detected a "moderate odor of intoxicants" and asked appellant if he would submit to a preliminary breath test, which he refused. An officer with the Essex Police Department testified about another incident that occurred in September 2010, when she responded to a report of a fight outside the "beer tent" at the Champlain Valley Fair. The officer encountered several people outside the tent, including appellant, who appeared to the officer to be intoxicated. She observed that he was loud, belligerent, and "had the odor of intoxicants on him." She also noted that "his eyes appeared to be bloodshot and watery" and that he was having a "hard time doing

what he was asked to by police officers." The officer told appellant's friends that appellant needed to leave "because of his degree of intoxication" and that they needed to stay with him.

The hearing officer found the police officers' testimony to be credible and sufficient to prove by a preponderance of the evidence that appellant had violated the condition of reinstatement that he not "return to the consumption of alcohol." The hearing officer rejected appellant's claim that the condition was either unduly vague or triggered only by evidence of habitual use of alcohol. Accordingly, the hearing officer upheld the reissuance of appellant's lifetime suspension. Appellant appealed the ruling to the superior court. Following a hearing, the court issued a written decision in August 2011, upholding the hearing officer's decision. This appeal followed.

Appellant first contends that the condition of his reinstatement barring a return to alcohol consumption was invalid because there is no proof that it was imposed by the Commissioner of Motor Vehicles as opposed to the hearing officer. Appellant relies on a subsection of the reinstatement statute, 23 V.S.A. § 1209a(b), which provided at the time of his suspension that if, after a hearing, "the commissioner, or a medical review board convened by the commissioner, is satisfied by a preponderance of the evidence that the applicant has abstained for the required number of years[,] . . . has successfully completed a therapy program . . . and the person appreciates that he or she cannot drink any amount of alcohol and drive safely, the person's license shall be reinstated immediately upon such conditions as the commissioner may impose."[1]

The trial court here correctly rejected appellant's claim, noting that the Commissioner is broadly authorized by statute to "appoint a hearing examiner to conduct hearings" in matters concerning "the administration of the laws relating to motor vehicles." 23 V.S.A. § 105(a). The same statute also authorizes an appeal generally from "the decision of a hearing under subsection (a)," id. § 105(b), rather than specifically from a decision by the Commissioner, further indicating that the Legislature contemplated appeals from decisions rendered either by the Commissioner or the designated hearing officer. The fact that appellant's reinstatement did not take effect until several days after the hearing officer's decision, following several additional administrative steps, does not alter this conclusion. Nor has appellant adduced any evidence to suggest that the hearing officer in this proceeding was not duly and properly appointed by the Commissioner to conduct the hearing. See State Dep't of Taxes v. Tri-State Indus. Laundries, Inc., 138 Vt. 292, 294 (1980) (observing that we presume that "actions of administrative agencies are correct, valid and reasonable, absent a clear and convincing showing to the contrary"); accord TD Banknorth, N.A. v. Dep't of Taxes, 2008 VT 120, ¶ 8, n.5, 185 Vt. 45.

---

[1] Section 1209a(b) was amended in 2009, and now provides, in pertinent part, that upon the requisite showing of abstinence and completion of therapy the person's "license shall be reinstated immediately subject to the condition that the person's suspension will be put back in effect in the event any further investigation reveals a return to the consumption of alcohol or drugs and to such additional conditions as the commissioner may impose," and also specifically provides that, if "the commissioner later finds that the person was violating the conditions of reinstatement . . . the person's operating license . . . shall be immediately suspended for the period of the original suspension." 23 V.S.A. § 1209a(b)(2)-(3). The amendment does not alter the analysis or holding concerning appellant's claims.

Even if the condition of reinstatement was validly imposed, appellant further contends that it violated due process because it did not advise appellant of what conduct was proscribed, and therefore was unconstitutionally vague. See In re Rusty Nail Acquisition, Inc., 2009 VT 68, ¶ 12, 186 Vt. 195 (explaining that statutes and regulations are unconstitutionally vague when they "fail to provide sufficient notice of what conduct is prohibited"). More specifically, appellant claims that the condition that he not "return to the consumption of alcohol" could reasonably be interpreted to prohibit "the resumption of a[n] habitual use of alcohol" rather than total abstinence. The trial court disagreed, concluding that considered in context the condition could only mean complete abstinence.

We agree. As we have explained, the meaning of a provision and what it reasonably conveys must be determined from the context in which it is used and the "overall regulation." Id. ¶ 17. Viewed in this light, the requirement of complete abstinence from alcohol is unmistakable. The section of the statute authorizing the imposition of conditions of reinstatement is entitled, "Abstinence." 23 V.S.A. § 1209a(b). The section provides that reinstatement is available for persons with lifetime suspensions only upon a showing of "total abstinence from consumption of alcohol" for three years, and goes on to explain that reinstatement is permissible only upon a finding "that the person appreciates that he or she cannot drink any amount of alcohol and drive safely." Id. Nothing in the wording of the condition contradicts this plain message—that the "return to consumption of alcohol" from years of complete abstinence simply means no longer abstinent or no longer refraining completely from indulgence. The condition required complete abstinence. Accordingly, we find no merit to appellant's claim.

Appellant next contends that, even with this understanding, there was insufficient evidence of a violation. The hearing officer was the factfinder in this proceeding and as such we will uphold his findings and credibility assessments if reasonably supported by the evidence. Pratt v. Dep't of Soc. Welfare, 145 Vt. 138, 142 (1984). As noted, the hearing officer relied on the testimony of two law enforcement officers, and particularly the officer who responded to the incident at the Champlain Valley Fair, who testified that she was familiar with DUI processing and that appellant appeared to be intoxicated based on the odor of alcohol from his person, his bloodshot and watery eyes, his loud and belligerent behavior, and his difficulty responding to the officer's directions.[2] We have repeatedly held that a factfinder is entitled to credit an experienced officer's conclusion that a suspect is intoxicated based on such observations as the odor of alcohol, bloodshot and watery eyes, impaired motor skills, and the like. See, e.g., State v. McGuigan, 2008 VT 111, ¶¶ 22-23, 184 Vt. 441; State v. Freeman, 2004 VT 56, ¶¶ 4, 8-9, 177 Vt. 478 (mem.). In this case, the State was not required to prove intoxication; it needed only to prove that appellant consumed alcohol. The record here reasonably supports the finding that appellant had returned to consuming alcohol, and thereby violated the condition of reinstatement.

Finally, appellant contends that he was prejudiced by the absence of written procedural rules governing the administrative hearing. We need not determine whether written procedural rules were statutorily required. Although the absence of a clear and transparent adjudicatory

---

[2] Appellant objected to the admission of the police reports from the two incidents, and as a result the hearing officer ordered the appearance of the officers in question and appears to have relied solely on their testimony in finding a violation of the condition of reinstatement.

process in the context of a hearing to revoke a driver's license is concerning, in this case there is no support for appellant's claim that he was prejudiced. Appellant asserts that he was uncertain as to the applicable burden of proof at the hearing, yet the record shows that the hearing officer clearly explained that the applicable burden was preponderance of the evidence, as in most administrative proceedings, and appellant's counsel responded, "[o]ne would presume." Thus, there is no basis to conclude that appellant was uncertain or surprised by application of the preponderance standard. Appellant also contends that there were no rules or guidelines to support his objection to evidence on hearsay grounds, yet the record shows that appellant raised precisely this objection to the police reports and that the hearing officer in response required the live testimony of the officers and relied solely on their testimony in his decision. Therefore, we find no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice