*Abrell v. Vermont Department of Motor Vehicles*, No. 124-2-15 Wncv (Teachout, J., July 29, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 124-2-15 Wncv** |

**STEPHANIE ABRELL**
    **Appellant**

    **v.**

**VERMONT DEPARTMENT OF MOTOR VEHICLES**
    **Appellee**


## DECISION

Ms. Stephanie Abrell's driver's license was suspended for life following a third or subsequent conviction of driving under the influence in 2009. In 2013, she applied to the Department of Motor Vehicles (DMV) for reinstatement of her license under the three-year "total abstinence" provision at 23 V.S.A. § 1209a(b). Reinstatement requires, among other things, total abstinence from the consumption of drugs and alcohol. In the course of the DMV's investigation, Ms. Abrell tested positive for marijuana use, admitted to consuming it occasionally for therapeutic purposes, and admitted having consumed Nyquil, which includes alcohol, on one occasion. The DMV denied reinstatement and Ms. Abrell sought administrative review. After an evidentiary hearing, an Agency of Transportation hearing officer denied relief. Ms. Abrell then sought Rule 74 review in this court pursuant to 23 V.S.A. § 105(b).

Ms. Abrell, pro se, never filed a brief in this court explaining why she believes the hearing officer erred. The DMV filed a brief generally supporting the hearing officer's findings and conclusions. Generally, "[c]ourts presume that the actions of administrative agencies are correct, valid and reasonable, absent a clear and convincing showing to the contrary." *State Dep't of Taxes v. Tri-State Ind. Laundries*, 138 Vt. 292, 294 (1980). Though Ms. Abrell has not attempted such a showing, the court has reviewed the record for clear error.

The hearing officer asserted that the Nyquil incident alone would have been sufficient to deny reinstatement but went on to explain that Ms. Abrell's use of marijuana, therapeutic or not, also shows the lack of total abstinence necessary for reinstatement.

The hearing officer's findings on the Nyquil incident are unclear. Ms. Abrell evidently claimed that she consumed Nyquil on one occasion without awareness that it includes alcohol. The hearing officer did not make a finding on whether this alcohol consumption was merely inadvertent. The inadvertent consumption of alcohol *potentially* is insufficient to show a lack of total abstinence. See *Corbeil v. Vt. Dep't of Motor Vehicles*, No. 383-5-12 Wncv (Dec. 12, 2012) (Bent, J.) (briefly mentioning this issue but not resolving it). It is unnecessary to address this matter further in this case because the hearing officer correctly determined that Ms. Abrell's marijuana consumption prevents reinstatement.

Ms. Abrell evidently consumed marijuana therapeutically for a time on the authority of a Colorado medical marijuana card that expired in September 2012. Subsequently, at the time of the DMV investigation, she had consumed marijuana without having gotten a Vermont medical marijuana card. Even if she had, however, doing so would not have insulated her from the DMV's denial of reinstatement under 23 V.S.A. § 1209a(b).

The total abstinence provision requires abstinence from both drugs and alcohol. *Id*. The applicable definition of "drug" includes marijuana. 23 V.S.A. § 1200(2) (defining "drug" to include regulated drugs under 18 V.S.A. § 4201); 18 V.S.A. § 4201(15) (defining marijuana to be such a regulated drug). There is no exception for the therapeutic use of marijuana even for those properly registered in Vermont. 18 V.S.A. §§ 4472–4474m. If there were any confusion about this, 18 V.S.A. § 4474c(a) should resolve it. That provision ensures that one who is statutorily authorized to consume marijuana for therapeutic purposes nevertheless remains fully subject to arrest and prosecution under Vermont DUI laws. The intent of the legislature is clear: the therapeutic use of marijuana does not exempt one from the legal consequences of such use other than as provided in Title 18.

In a 2010 case similar to Ms. Abrell's, the court so concluded:

> In reviewing the matter on appeal, this court reaches the same conclusion [that the hearing officer did]. [The reinstatement applicant] was candid about her use of marijuana. Her appearance in the medical marijuana registry may protect her from criminal prosecution for possession, but it does not create an exception to the abstinence provision. In an exercise of pragmatism and leniency, the legislature has determined the conditions under which a lifetime suspension may turn out to last only three years. These conditions include abstention from all regulated drugs regardless of whether they are used legally. There is no "medical exception" to the abstinence requirement. Neither the DMV nor this court has authority to modify the terms of the statute in individual cases.

*Baxter v. Dep't of Motor Vehicles*, No. 85-2-10 Wncv (filed May 27, 2010) (Crawford, J.). In this case Ms. Abrell's marijuana use occurred without any statutory authorization.

Before the hearing officer, Ms. Abrell's counsel argued that her marijuana use is protected by the Americans with Disabilities Act. See 42 U.S.C. § 12210(d)(1) (exempting from the "illegal use of drugs" the "use of a drug taken under supervision by a licensed health care professional"). It is unnecessary to analyze that provision further because the marijuana use at issue in this case was not taken under the supervision of a health care professional.
*Affirmed*.

Dated at Montpelier, Vermont this 28th day of July 2015.

_____
Mary Miles Teachout
Superior Judge

2