*Lushin v. State of Vermont*, 595-10-17 Wncv (Teachout, J., Mar. 17, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 595-10-17 Wncv** |

**LADDIE LUSHIN and SUSAN ROCKWELL**
　　**Taxpayers–Appellants**

　　**v.**

**STATE OF VERMONT DEPARTMENT OF TAXES**
　　**Appellee**

### DECISION ON APPEAL

Taxpayers Laddie Lushin and Susan Rockwell appeal from a Determination of the Commissioner of Taxes affirming the Department's rejection of their claims for homestead property tax income sensitivity adjustments for 2013 and 2014. The dwelling at issue is subject to the terms of the Amended and Restated Trust Agreement of Four Oaks Conservation Trust. It is titled to Mr. Lushin as trustee of the Trust. The Trust document says, and Mr. Lushin argues, that it operates in a "cooperative" manner. The Commissioner ruled that the Trust arrangement meets neither the trust provisions of the income sensitivity statutes nor the cooperative provisions and thus there is no basis for any adjustment. The Commissioner's Determination is affirmed.

*Standard*

The court reviews this case "on the basis of the record established before the Commissioner." *Piche v. Dep't of Taxes*, 152 Vt. 229, 233 (1989) (citing *State Dep't of Taxes v. Tri-State Indus. Laundries, Inc.*, 138 Vt. 292, 294 (1980)). The Commissioner's Determination is presumed "correct, valid and reasonable, absent a clear and convincing showing to the contrary." *Tri-State Indus. Laundries*, 138 Vt. at 294.

"In construing a taxing statute, like all statutes, our primary goal is to implement the intent and purpose of the Legislature. If a statute's meaning is plain on its face, we enforce it according to its terms." *Ran-Mar, Inc. v. Town of Berlin*, 2006 VT 117, ¶ 5, 181 Vt. 26 (citation omitted). "[I]n construing tax exemptions, the burden is on the person claiming the benefit of the exemption and the exemption statute must be strictly construed against that person." *Our Lady of Ephesus House v. Town of Jamaica*, 2005 VT 16, ¶ 14, 178 Vt. 35. "Any remaining ambiguities are resolved against the taxing power and in favor of the taxpayer." *Ran-Mar*, 2006 VT 117, ¶ 5.

*Facts*

The court will not attempt to characterize the trust arrangement at issue in this case in detail. As Mr. Lushin himself concedes, the arrangement is "most unusual." Brief of Appellants

5 (filed Dec. 29, 2017). Nevertheless, the trust document purports to be a trust, Mr. Lushin insists that it is, and the dwelling—a single family home—is the principal asset of the trust. Mr. Lushin lives in the dwelling with his wife, Susan Rockwell, and their daughter, son-in-law, and granddaughter. Mr. Lushin represents (and the trust document supports) that the trust operates in a "cooperative" manner. Decision-making is conducted by "group action" of the beneficiaries rather than by a trustee. In Mr. Lushin's view, the arrangement is not a trust or a cooperative, but both at the same time.

*Analysis*

For purposes of this case, to be eligible for the adjustment, the claimant must have "owned the homestead." 32 V.S.A. § 6066(a). Mr. Lushin and Ms. Rockwell do not personally own the property taxed in this case. It was owned by the trust. Nevertheless, there are special provisions allowing, in certain circumstances, income sensitivity adjustments for trust beneficiaries and when property taxes are paid by a cooperative. 32 V.S.A. § 6062(e) (trusts), § 6066(e) (cooperatives). The only issue in this case is whether the facts satisfy the requirements of either subsection.[1]

The trust provision, in pertinent part, is as follows:

> A dwelling owned by a trust is not the homestead of the beneficiary unless the claimant is the sole beneficiary of the trust, and:
> (1) the claimant or the claimant's spouse was the grantor of the trust, and the trust is revocable or became irrevocable solely by reason of the grantor's death.

32 V.S.A. § 6062(e). This provision cannot apply because Mr. Lushin and Ms. Rockwell were not the sole beneficiaries of the trust during 2013 and 2014—Ms. Rockwell's brother also was a beneficiary. See 1-3 Vt. Code R. § 101:5401(7)(e)(3) ("The requirement that the trust beneficiary be the 'sole' beneficiary is satisfied if a husband and wife or civil union partners together are the only beneficiaries of the trust."). It is unnecessary to evaluate other requirements of this subsection.

The cooperative provision is, in pertinent part, as follows: "Property taxes paid by a cooperative . . . *allocable to property used as a homestead*, shall be attributable to the co-op member for the purpose of computation of adjustment of property tax liability of the co-op member under this section."[2] 32 V.S.A. § 6066(e) (emphasis added). Section 6066(e) does not, on its face, further define what it means by "cooperative" and the definitional section, § 6061, also does not address it. However, for the cooperative provision to apply, the property must be used as a homestead. Homestead is a term of art.

---

[1] There is no need to "harmonize" these provisions as Mr. Lushin asserts. They do not conflict. Neither renders the other unavailable by operation of its own provisions. The facts either satisfy one of these provisions or they do not.

[2] Mr. Lushin's argument that the trust is a cooperative for purposes of § 6066(e) is questionable at the outset. The statute is using the term "cooperative" to refer to an entity that actually owns the dwelling whereas the adjustment claimant does not. In this case, the trust owns the dwelling and the trust beneficiaries make decisions in a cooperative manner. Here, the trust may operate cooperatively, but there is no cooperative entity.

2

Homestead means "a homestead as defined under subdivision 5401(7), but not under subdivision 5401(7)(G), of this title." 32 V.S.A. § 6061(13). Generally, then, a homestead is "the principal dwelling and parcel of land surrounding the dwelling, *owned* and occupied by a resident individual as the individual's domicile." 32 V.S.A. § 5401(7)(A) (emphasis added). Two other provisions apply when the dwelling is owned by a cooperative, §§ 5401(7)(B), (C). See also 5401(7)("A dwelling owned by a trust may qualify as a homestead if it meets the requirements of subsection 6062(e) of this title."). In these provisions, "cooperative" is limited to those "incorporated under 11 V.S.A. chapter 14 [the Cooperative Housing Ownership Act], or owned by a nonprofit land conservation corporation or community land trust with exempt status under 20 U.S.C. § 501(c)(3)." That is not the sort of cooperative at issue in this case. Thus, there are no taxes "allocable to property used as a homestead."

Mr. Lushin's argument about the meaning of "cooperative" is rooted in his view of federal law and is untethered to the "used as a homestead" requirement of 32 V.S.A. § 6066(e) and the statutory definition of homestead. The court rejects it for that reason.

It is unnecessary to address the several other arguments advanced by Mr. Lushin. They have no material impact on the analysis. The court also declines to address Mr. Lushin's claim, raised for the first time on appeal, that the Department erred by subsequently reclassifying the property as non-residential. The court takes no position on the matter, which is outside the scope of this case.

There is no error.

ORDER

For the foregoing reasons, the Determination of the Commissioner is affirmed.

Dated at Montpelier, Vermont this _____ day of March 2018.

 

 

_____
Mary Miles Teachout,
Superior Judge

3