VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 643-12-19 Wncv



| Ritchie vs. State of Vermont |
| --- |

Mr. James Ritchie's driver's license was revoked for life in 1991 and 1993 due to several convictions for driving under the influence of alcohol. In 2018, he applied to the Department of Motor Vehicles (DMV) for reinstatement of his license under the 3-year "total abstinence" provision at 23 V.S.A. § 1209a(b). Reinstatement requires, among other things, total abstinence from the consumption of alcohol and nonprescription regulated drugs. In the course of the DMV's investigation, Mr. Ritchie tested positive for cannabis use, though he denied using it. The DMV denied reinstatement, and Mr. Ritchie sought administrative review. After an evidentiary hearing, an Agency of Transportation (AOT) hearing officer denied relief. Mr. Ritchie then sought Rule 74 review in this court pursuant to 23 V.S.A. § 105(b).

The Vermont Supreme Court has described the applicable standard of review as follows: "Courts presume that the actions of administrative agencies are correct, valid and reasonable, absent a clear and convincing showing to the contrary. . . . [J]udicial review of agency findings is ordinarily limited to whether, on the record developed before the agency, there is any reasonable basis for the finding." *State Dep't of Taxes v. Tri-State Ind. Laundries*, 138 Vt. 292, 294 (1980). "[C]ourts 'employ a deferential standard of review' of an agency's interpretation and application of its own regulations." *In re Soon Kwon*, 2011 VT 26, ¶ 6, 189 Vt. 598 (quoting *Conservation Law Found. v. Burke*, 162 Vt. 115, 121 (1993)). Review of the agency's conclusions of law, however, is de novo. *In re Soon Kwon*, 2011 VT 26, ¶ 7.

The record on review consists of the written record before the AOT. No party submitted a transcript of the AOT hearing. See V.R.C.P. 74(d) ("Any party desiring a transcript of any portion of the proceedings to be included in the record on appeal shall notify all other parties thereof, shall procure such portion at that party's own expense, and shall cause it to be filed with the clerk of the superior court within 30 days after the filing of the notice of appeal.")

Cannabis is a regulated drug for purposes of the total abstinence reinstatement provision. See 23 V.S.A. § 1200(2)(a) (defining "drug" to include regulated drugs listed at 18 V.S.A. § 4201); 18 V.S.A. § 4201(29)(E) (defining "regulated drug" to include "marijuana").

Order
643-12-19 Wncv Ritchie vs. State of Vermont

Page **1** of **3**

Before the AOT, Mr. Ritchie asserted that he does not consume cannabis, and that the positive test result may have come from his longtime therapeutic CBD use or from secondhand smoke he experienced at a party. He also asserted that he takes creatin, which he asserted may have magnified any small amounts of THC in his system.

The record, however, included evidence in his medical records of an admission to smoking cannabis for pain, having previously tested positive for cannabis use, and that his CBD supplement could not possibly be responsible for his current test result. The hearing officer found that the "very high" test result produced during the investigation could not be explained by any of the reasons for it offered by Mr. Ritchie. He impliedly found that, despite his testimony to the contrary, Mr. Ritchie had consumed cannabis in violation of the total abstinence provision. He accordingly affirmed the DMV's decision to deny reinstatement.

On appeal, Mr. Ritchie concedes (for the first time) that he occasionally has consumed cannabis during the 3-year lookback period. He asserts that an elderly woman from his church bakes cannabis into cookies and brownies and distributes them to him and other, mostly elderly, members of the community, claiming that doing so is "legal." Mr. Ritchie asserts that he had no idea that by consuming cannabis in this fashion he was doing anything "wrong," and he describes at length why he believes he both needs and deserves reinstatement.

The issue, however, is not whether Mr. Ritchie was right or wrong to consume cannabis in an ethical, moral, or criminal sense or whether he misunderstood what the total abstinence statute requires. The issue also is not whether he truly needs his license to be reinstated or in some moral sense deserves it. Similarly, reinstatement, whether granted or denied, does not necessarily reflect on whether Mr. Ritchie is a good person as he represents. The court has no doubt that Mr. Ritchie helps his parents, son-in-law and grandchildren, and others in the community as he describes. Perhaps this is an issue which the legislature might consider fixing in light of other changes in the laws concerning cannabis, however issues concerning addiction, substance abuse and highway safety are complex.

The legal issue that matters to reinstatement is whether Mr. Ritch(ie has been totally abstinent for the last 3 years as the statute requires. The hearing officer found that he has not. There is no basis on appeal for overturning that determination.

The hearing officer's decision therefore is affirmed.

Robert R. Bent,
Judge