VT SUPERIOR COURT

VERMONT SUPERIOR COURT

SUPERIOR COURT
Washington Unit

2018 JUL 23 A 10 10

CIVIL DIVISION
Docket No. 717-12-17 Wncv

Saint-Gobain Performance
Plastics Corporation
  Petitioner

v.

State of Vermont, Agency
of Natural Resources
  Respondent

FILED

### Order on the State's Motion for Summary Judgment (MPR 2), Saint-Gobain's Rule 56(d) Motion (MPR 4), the State's Motion to Stay Discovery or for a Protective Order (MPR 5), the State's Motion to Supplement the Record (MPR 7), and Saint-Gobain's Cross-Motion to Compel Answers to Discovery (MPR 8)

Petitioner Saint-Gobain Performance Plastics Corporation seeks review of the Respondent State of Vermont Agency of Natural Resources' recent promulgation of permanent amendments to the Groundwater Protection Rule and the Hazardous Waste Rule incorporating provisions related to perfluorooctanoic acid (PFOA) and perfluorooctanesulfonic acid (PFOS). Shortly after Saint-Gobain initiated this case, the State submitted the administrative record and filed a potentially dispositive summary judgment motion generally addressing the procedural and substantive validity of both rule amendments. Saint-Gobain responded with a Rule 56(d) motion seeking to stay the summary judgment motion while it conducts discovery, which it promulgated on the State. It purports to need discovery to ensure that the

State in fact has submitted the complete administrative record into the court's record before any review takes place.

The State then filed a motion to stay discovery or for a protective order, arguing that most of the discovery sought by Saint-Gobain is unnecessary and irrelevant to this case. The State agreed, however, to examine whether it had omitted any parts of the administrative record in four specific areas pointed out by Saint-Gobain. That inquiry, in fact, turned up additional parts of the administrative record not already in the court's record. The State has now submitted a motion to supplement the record. Subsequently, Saint-Gobain filed a motion to compel the State to answer its discovery requests.

The court temporarily stayed discovery and briefing on the State's summary judgment motion pending a decision on the need for discovery. To a great extent, the discovery dispute in this matter is complicated by the confusing procedural posture of this case, which has not unfolded as the Court believes is contemplated by Vermont Rule of Civil Procedure 74.

The administrative rulemaking at issue in this case is subject to record review. See *State Dep't of Taxes v. Tri-State Indus. Laundries, Inc.*, 138 Vt. 292, 294 (1980). Rule 74 provides the applicable procedural vehicle for a challenge to the rulemaking. *See Conservation Law Found. v. Burke*, 162 Vt. 115, 125 (1993). A Rule 74 appeal is commenced by filing a notice of appeal with the relevant agency. Vt. R. Civ. P. 74(b). The agency then transmits the administrative record to the court. Vt. R. Civ. P 74(c). Typically, when the record is deemed complete, a briefing

schedule is ordered: the appellant files its brief, including its legal arguments and requests for relief with the issues framed as it sees fit. The agency then files its responsive memorandum, and the appellant files any reply. The court then evaluates the parties' legal arguments in relation to the record, the substantive law, and the applicable review standard. Generally, there are no pleadings in the Superior Court. Vt. R. Civ. P. 74(c).

Thus far, this case has proceeded quite differently. Saint-Gobain never filed a notice of appeal with the State. Instead, it filed a four-count complaint directly in this Court, including a long list of generally stated reasons why the rulemaking could be invalid. The State then filed an answer and the administrative record. Without the administrative record having been deemed complete, *see* Vt. R. Civ. P. 74(d), the State almost immediately filed a potentially dispositive motion for summary judgment predicated on a lengthy statement of purportedly "undisputed facts" addressing appeal issues framed by it and not as framed by Saint-Gobain. This prompted Saint-Gobain, in part, to claim the need for discovery to contest the State's assertions that the facts in its statement are undisputed.

While the Court appreciates the initiative, it is not clear to the Court that the State's approach of filing a summary judgment motion will be a productive way to address issues raised by Saint-Gobain when they come into focus, the discovery dispute is resolved, and the record is deemed complete. Most importantly, a challenge to rulemaking does not rightfully focus on "undisputed facts." Indeed, an agency is empowered to consider disputed factual issues and make reasonable

determinations. *See Petition of Town of Sherburne*, 154 Vt. 596, 605 (1990). Rule 56 and Rule 56(d) and their attention to "undisputed facts" provides a poor framework to consider Rule 74 actions. Instead, as detailed below, the proper focus should be on whether there is an adequate record in this case and whether the agency abused its discretion or made a clear legal error. *See Beyers v. Water Resources Bd.*, 2006 VT 65, ¶ 12, 180 Vt. 605, 608 (rulemaking decisions are reviewed "to determine whether they are arbitrary, unreasonable, or contrary to law"); *Lemieux v. Tri-State Lotto Com'n*, 164 Vt. 110, 113 (1995) (agency rules are presumed valid and the agency is entitled to deference; the court will intervene only if the agency's "wide discretion . . . is exercised in an unrestrained manner").

More specifically, as for the pending discovery dispute, the issue is whether the Court now has the full administrative record, not whether Saint-Gobain is reasonably capable of contesting a fact asserted by the State in its statement of facts. Saint-Gobain expressly says that it does not seek to expand the administrative record. It merely seeks to assure itself that the Court now has the complete record.

According to Rule 74, the administrative record includes "all writings and exhibits in the agency proceeding [and] a transcript of any oral proceedings." Vt. R. Civ. P. 74(d). This includes "all documents and materials directly or *indirectly* considered by agency decision-makers." *Burke*, 162 Vt. at 127 (citation omitted; emphasis in original); *see also Pacific Shores Subdivision, California Water Dist. v. U.S. Army Corps of Engineers*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) (noting that an

4

overly broad interpretation of what is included "would undermine the value of judicial review: '[I]nterpreting [what is included] so broadly as to encompass any potentially relevant document existing within the agency or in the hands of a third party would render judicial review meaningless.'" (citation omitted)).

To resolve the dispute as to the record in this case, the Court adopts the general approach employed by the United States Court of Appeals for the District of Columbia Circuit, as follows.

> The agency whose action is challenged "is entitled to a strong presumption of regularity that it properly designated the administrative record." Because of this presumption, "[s]upplementation of the administrative record is the exception, not the rule."[1]

> There are two grounds on which a party may seek "supplementation" of the administrative record. First, a party may request the disclosure of "evidence that should have been properly a part of the administrative record but was excluded by the agency." For clarity, the Court will refer to compelling discovery on the first ground as completion of the administrative record [what Saint-Gobain seeks in this case]. Second, a party may request disclosure of "extrajudicial evidence that was not initially before the agency but the party believes should nonetheless be included in the administrative record." The Court will refer to compelling discovery on the second ground as supplementation of the administrative record. . . .

> Courts may not compel an agency to complete the administrative record unless the moving party can overcome the presumption of regularity. In order to do so, the party seeking

---

[1] Indeed, an agency's "designation of the proper record is entitled to a presumption of regularity." 3 Admin. L. & Prac. § 8:27 (3d ed.); *see also Hartness v. Black*, 95 Vt. 190 (1921) ("When the conduct of public officers is involved, all reasonable presumptions are indulged in favor of regularity."). "Common sense dictates that the agency determines what constitutes the 'whole' administrative record because '[i]t is the agency that did the 'considering,' and that therefore is in a position to indicate initially which of the materials were 'before' it—namely, were 'directly or indirectly considered.'" *Pacific Shores*, 448 F. Supp. 2d at 5 (citation omitted).

5

completion must present "non-speculative, concrete evidence to support their belief that the specific documents allegedly missing from the administrative record were directly or indirectly considered by the actual decision makers involved in the challenged agency action." The moving party "must identify the materials allegedly omitted from the record with sufficient specificity, as opposed to merely proffering broad categories of documents and data that are 'likely' to exist as a result of other documents that are included in the administrative record."

*Oceana, Inc. v. Pritzker*, 217 F. Supp. 3d 310, 316–17 (D.D.C. 2016) (citations and footnotes omitted); *see also* 3 Admin. L. & Prac. § 8:28 (3d ed.) (noting that discovery in record review cases is "severely limited"). "[D]eliberative intra-agency memoranda and other such records" generally are not considered to be part of the administrative record. *Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior*, 143 F. Supp. 2d 7, 13 (D.D.C. 2001); *see also National Ass'n of Chain Drug Stores v. U.S. Dep't of Health and Human Services*, 631 F. Supp. 2d 23, 27 (D.D.C. 2009) (explaining that "the actual subjective motivation of agency decisionmakers is immaterial as a matter of law—unless there is a showing of bad faith or improper behavior" (citation omitted)).

In its initial discovery requests, Saint-Gobain identified four areas where it appeared the administrative record filed in court may have omitted some documents. The State voluntarily agreed to look further, it identified previously overlooked materials, and those now are in the record. The State's motion to supplement is granted.

Otherwise, the Court has reviewed Saint-Gobain's discovery requests and arguments in detail and is unable to identify any non-speculative, concrete evidence to support a reasonable belief that specific documents that were directly or

indirectly considered by the actual decision makers involved have been omitted from the record. The record is many thousands of pages long. There is no indication that the State has attempted to manipulate it or unintentionally failed to include anything that was considered or that the record is in any way insufficient to support effective review. That the State has supplemented the record is insufficient to show that it remains incomplete as supplemented. *See TOMAC v. Norton*, 193 F. Supp. 2d 182, 195 (D.D.C. 2002). Saint-Gobain simply has not overcome the strong presumption of completeness to which the State's record is entitled.

As a result, the Court finds that the administrative record is complete, and Saint-Gobain's discovery requests are quashed.

Consistent with the above approach, the State's summary judgment motion is denied as moot so that the parties can focus on addressing the relevant issues within the proper legal framework.

<u>ORDER</u>

For the foregoing reasons:

(a) Saint-Gobain's Rule 56(d) Motion (MPR 4) is denied;

(b) the State's Motion to Stay Discovery or for a Protective Order (MPR 5) is granted. Saint-Gobain's discovery requests are quashed.

(c) The State's Motion to Supplement the Record (MPR 7) is granted;

(d) Saint-Gobain's Cross-Motion to Compel Answers to Discovery (MPR 8) is denied; and

(e) the State's Motion for Summary Judgment (MPR 2) is denied as moot.

7

(f) Saint-Gobain's memorandum challenging the State's rulemaking shall be filed within 45 days.

(g) the State's responsive memorandum shall be filed within 45 days of service of Saint-Gobain's memorandum.

(h) any reply memorandum shall be filed within 21 days of service of the State's responsive memorandum.

So ordered.

Electronically signed on July 19, 2018 at 05:06 PM pursuant to V.R.E.F. 7(d).

Timothy B. Tomasi
Superior Court Judge