Filed 07/19/24

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-04840

State of Vermont Department of Taxes v. Stacey Northrop

## Opinion and Order on the State's Motion for Summary Judgment

The Department of Taxes sent substantial notices of assessment to Bailiwicks, LLC, for unpaid withholding, rooms and meals, and sales and use taxes, and notices to Defendant Ms. Stacey Northrop, a corporate officer of Bailiwicks, of her personal liability for unremitted taxes. No such notices ever were challenged administratively and, according to the State, are now final. In this collection action, the Department seeks judgment against Ms. Northrop for the amounts due along with interest, penalties, and fees in a total amount exceeding $100,000. It has filed a motion for summary judgment on that basis. Ms. Northrop concedes owing withholding, rooms and meals, and sales and use taxes incurred by Bailwicks. She claims that summary judgment is premature because she needs discovery to determine the amounts properly owing; that notices sent by the Department were in some manner "invalid;" and that, in any event, she never received a single one.

### I. Procedural Standard

Summary judgment procedure is "an integral part of the . . . Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Morrisseau v. Fayette*, 164 Vt. 358, 363 (1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). Summary judgment is appropriate if the evidence in the

record, referred to in the statements required by Vt. R. Civ. P. 56(c)(1), shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Vt. R. Civ. P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994) (summary judgment will be granted if, after adequate time for discovery, a party fails to make a showing sufficient to establish an essential element of the case on which the party will bear the burden of proof at trial). The Court derives the undisputed facts from the parties' statements of fact and the supporting documents. *Boulton v. CLD Consulting Engineers, Inc.*, 2003 VT 72, ¶ 29, 175 Vt. 413, 427. A party opposing summary judgment may not simply rely on allegations in the pleadings to establish a genuine issue of material fact. Instead, it must come forward with deposition excerpts, affidavits, or other evidence to establish such a dispute. *Murray v. White*, 155 Vt. 621, 628 (1991). Speculation is insufficient. *Palmer v. Furlan*, 2019 VT 42, ¶ 10, 210 Vt. 375, 380.

## II. Undisputed Facts

There is no material dispute that Bailwicks failed to pay withholding, rooms and meals, and sales and use taxes, and that Ms. Northrop has personal liability for Bailwicks' deficiencies, although she does not concede the amounts due. Nor is there any dispute that the Department sent by first-class mail assessments related to the claimed deficiencies and notices of Ms. Northrop's personal liability. The notices of personal liability were sent to Ms. Northrop's home address. The assessments were sent, variously, to Ms. Northrop's home address; the address at which Bailiwicks operated a restaurant; or Bailwicks' address of record with the Department, which it also provided

to the Department in applying for access to the Department's online tax filing system. None of the assessments or notices was returned as undeliverable or undelivered.

## II. Analysis

### A. Discovery

Ms. Northrop argues that summary judgment at this time would be "premature" because she needs discovery from the Department to test the accuracy of the alleged amounts due. According to her affidavit, all of Bailwicks' business records were destroyed in a flood, hence the need for discovery from the Department.

This argument misses a fundamental point. This case is not here for a *de novo* determination of Ms. Northrop's tax liability. Administrative remedies are or were available. The failure to pursue them leads to the finality of the notice or assessment. *See* 23 V.S.A. §§ 5887, 9274, 9777. Had there been administrative appeals and adjudications of Ms. Northrop's liability, she might have appealed to this Court. In that event, review would be on the record, not *de novo*. *See generally State Dep't of Taxes v. Tri-State Indus. Laundries, Inc.*, 138 Vt. 292 (1980).

This case, and the Department's motion, are predicated on the finality of the Department's notices and assessments. There is no apparent need in this proceeding for discovery into the accuracy of the subject deficiencies. Further, summary judgment motions can be filed at "any time until 30 days after the close of all discovery." Vt. R. Civ. P. 56(b). To the extent specific discovery is alleged to be needed to respond to such a motion, Rule 56(d) provides a mechanism for such a request. That process was not followed here.

### B.     Validity of Mailing Addresses

Ms. Northrop argues that there is something, not clearly articulated in her filings, about the addresses to which the notices and assessments were sent that renders them invalid.  Ms. Northrop offers no explanation as to why she believes any notices or assessments were not sent to locations reasonably calculated to reach her or in violation of any statutory requirements.  *See, e.g.*, 32 V.S.A. §§ 3203, 9206, 9815(a).  With nothing further from Ms. Northrop on this issue, the Court concludes that her invalidity argument is meritless.

### C.     Whether Notice was Received

Ms. Northrop claims that she never had any fair opportunity to appeal the notices or assessments because she never received any of them.  Though the statement of disputed facts is somewhat imprecise on the issue, Ms. Northrop clearly asserts in her affidavit:

6.  I never received Notices from the State of Vermont relating to these deficiencies.  After closing Bailiwick's in August 2018 I received no mail from that address dated November 2018, and Notices mailed to Main Street in Littleton, NH, a location of another business I operate, also did not reach me, and even mail to my home address in April 2019 was not received.

7.  Not receiving any of the Notices described in the Plaintiff's Motion, it was not possible for me to submit challenges as called for in 32 V.S.A. § 5883.  If I had received Notice I would have submitted challenges as required.

Affidavit of Stacey Northrop (filed June 2, 2024).

The relevant statutes each provide that the "mailing of the notice shall be presumptive evidence of its receipt by the person to whom addressed." 32 V.S.A. §§ 3203, 9206, 9815(a).  As the Vermont Supreme Court has explained: "Through case law and

Vermont Rule of Evidence 301, we have adopted a bursting-bubble theory of presumptions in civil cases, unless otherwise provided by law. Under that theory, 'a presumption shifts only the burden of production, losing its mandatory effect as soon as evidence sufficient to support a finding of the nonexistence of the presumed fact is introduced.'" *Lawson v. Halpern-Reiss*, 2019 VT 38, ¶ 36, 210 Vt. 224, 242 (citations omitted).

While the fact that the Department sent the notices and assessments is undisputed, the presumption that they were received is defeated by Ms. Northrop's sworn testimony that they were not, transforming the matter into a dispute of material fact that must be resolved on the evidence.

<u>Conclusion</u>

For the foregoing reasons, the State's motion for summary judgment is denied. The parties shall submit a proposed scheduling order within 21 days.

Electronically signed on Friday, July 19, 2024, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge